**Allan WHITE, Plaintiff–Appellant,**

v.

**Harry TRAPP; Tom Phillips, Warden; Marjorie Van Ochten, Defendants–Appellees.**

No. 03–1612.

United States Court of Appeals, Sixth Circuit.

Feb. 4, 2004.

Allan White, pro se, Detroit, MI, for Plaintiff–Appellant.

Frank J. Monticello, Asst. Atty. General, Office of the Attorney General, Corrections Division, Lansing, MI, for Defendants–Appellees.

Before: DAUGHTREY and COLE, Circuit Judges; and POLSTER, District Judge.[*]

### ORDER

Allan White, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1986. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, White sued the Warden (Tom Phillips) of the Egeler Correctional Facility ("ECF"), the supervisor (Harry Trapp) of the Legal Writer's Program ("LWP"), and an administrator (Marjorie Van Ochten) with the Michigan Department of Corrections who oversees the LWP. White alleged that he was improperly removed from the LWP based on his race (African–American). He argued that two white inmates (Whitley and Foran) assigned to the LWP, who had also requested to be removed from the program, were permitted to change their minds and remain with the program. Based on these allegations, White claimed that: 1) defendants Trapp and Phillips retaliated against him for filing grievances by removing him from the LWP; 2) the defendants' actions violated his equal protection rights because they were motivated by his race; 3) the defendants conspired to deprive him of his First and Fourteenth

Amendment rights in violation of 42 U.S.C. § 1985(2) & (3); and 4) defendants Phillips and Van Ochten, as supervisors, violated 42 U.S.C. § 1986 because they did not prevent White's constitutional rights from being violated. The defendants filed a motion to dismiss and for summary judgment, and attached an affidavit from Trapp and other documentation relating to White's claims. White responded to the defendants' motion, and he attached an affidavit.

Upon review, a magistrate judge filed a report recommending that the district court dismiss White's claims for failure to state a claim because he had requested the transfer from the LWP, or in the alternative to grant summary judgment to the defendants. White filed objections to the magistrate judge's report, specifically arguing that the magistrate judge had failed to address the factual and legal basis for his claim, i.e., that he was treated differently from the two white inmates. Over White's objections, the district court adopted the magistrate judge's recommendation and granted the defendants' motion to dismiss.

White has filed a timely appeal, essentially reasserting his claims. He maintains that neither the magistrate judge nor the district court judge properly addressed his contention that he was treated differently from the two white inmates. He also argues that the district court improperly relied on Trapp's affidavit while ignoring White's affidavit.

For the reasons expressed below, we affirm the district court's judgment dismissing White's claims under §§ 1985 and 1986. However, we vacate the district court's judgment dismissing White's retaliation and equal protection claims, and re-

---

[*] The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

mand the case to the district court for further proceedings.

Upon review, we conclude that the district court properly granted the defendants' motion to dismiss White's claims under §§ 1985 and 1986. We review de novo a district court's dismissal of a complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6). *Jackson v. City of Columbus,* 194 F.3d 737, 745 (6th Cir. 1999). The court must construe the complaint in a light most favorable to the plaintiff and accept all well-pleaded factual allegations as true. *Id.* Dismissal is proper only if it is clear that the plaintiff could present no set of facts consistent with his allegations that would entitle him to relief. *Id.* Moreover, it appears that the district court considered materials outside of the pleadings. Hence, it is arguable that the district court's decision should be reviewed as a grant of summary judgment. *See* Fed.R.Civ.P. 12(b); *Soper v. Hoben,* 195 F.3d 845, 850 (6th Cir.1999). We review a district court's grant of summary judgment de novo. *Kincaid v. Gibson,* 236 F.3d 342, 346 (6th Cir.2001). Summary judgment is appropriate when the evidence presented shows " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)). The district court's judgment dismissing White's §§ 1985 and 1986 claims was proper under either standard of review.

■ White failed to state a facially valid claim under §§ 1985 and 1986. In support of these claims, White essentially alleged that Trapp removed him from the LWP because of his race. He alleged that Phillips and Van Ochten "joined" the conspiracy by acquiescing in White's removal from the program, even though they had been made aware of Trapp's improper conduct. In order to state a cause of action under § 1985, a plaintiff must allege the existence of: "(1) a conspiracy involving two or more persons, (2) for the purpose of depriving, directly or indirectly, a person or class of persons the equal protection of the laws and (3) an act in furtherance of that conspiracy (4) that causes injury to person or property, or a deprivation of a right or privilege of a United States citizen." *Collyer v. Darling,* 98 F.3d 211, 233 (6th Cir.1996). The plaintiff must also allege that the conspiracy was motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Bartell v. Lohiser,* 215 F.3d 550, 559-60 (6th Cir.2000) (*quoting United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott,* 463 U.S. 825, 829, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983)). Section 1986 creates a cause of action for a defendant's knowing failure to prevent a § 1985 conspiracy. Where a plaintiff has stated no cause of action under § 1985, no cause of action exists under § 1986. *See Smith v. Thornburg,* 136 F.3d 1070, 1078 (6th Cir. 1998).

A review of the complaint clearly reflects that White's conspiracy allegations are conclusory. White has not made any credible allegations indicating that the defendants actually conspired with each other to have him removed from the LWP. White failed to plead his conspiracy claim with any degree of specificity. Moreover, his affidavit does not contain any averments concerning the defendants' participation in the "conspiracy." Hence, White's allegations are insufficient to state a claim under § 1985 against the defendants. *See Kensu v. Haigh,* 87 F.3d 172, 175-76 (6th Cir.1996). For these same reasons, White has failed to state a claim that Phillips and Van Ochten engaged in any conduct in violation of § 1986.

We conclude that the district court improperly dismissed White's complaint with

respect to his remaining claims because he stated facially valid claims that the defendants retaliated against him and that they violated his equal protection rights. *See Jackson,* 194 F.3d at 745. Moreover, the defendants did not establish that they were entitled to summary judgment. *See Kincaid,* 236 F.3d at 346.

■ The district court improperly determined that White had failed to state a viable retaliation claim. White essentially alleged that Trapp and Phillips removed him from the LWP because he had made use of the prison grievance system. There are three elements for a First Amendment retaliation claim. The plaintiff must show that: 1) he engaged in protected conduct; 2) the defendants took an adverse action against him that would deter a person of ordinary firmness from engaging in the protected conduct; and 3) the defendants were motivated, at least in part, to take the adverse action because of the plaintiff's protected conduct. *Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999).

Here, it is undisputed that White was engaged in protected conduct when he filed his grievances. In addition, the defendants arguably subjected him to adverse action when they removed him from the LWP. Finally, White clearly alleged facts indicating that the decision to remove him from the LWP was motivated by his protected conduct. White filed an affidavit in response to the defendants' motion to dismiss and for summary judgment. He averred that Trapp told him that he was the only inmate removed from the LWP because he had filed grievances against Trapp and other staff members. Neither the defendants, the magistrate judge, nor the district court addressed this aspect of White's claim. Rather, the district court essentially concluded that White had not been retaliated against because he had requested to be removed from the LWP.

Hence, the case should be remanded to the district court for further findings as to whether the plaintiff had been treated differently from the white inmates who had requested removal from the program, and whether the plaintiff's removal from the program was motivated by his use of the prison grievance system.

■ The district court also improperly determined that White had failed to state a viable equal protection claim. In order to state an equal protection claim, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of his membership in a protected class. *See Herron v. Harrison,* 203 F.3d 410, 417 (6th Cir.2000). The plaintiff alleged that the defendants violated his equal protection rights when they removed him from the LWP, because they did not remove the two white inmates who had also requested removal from the program even though qualified replacements had been identified. Hence, he maintained that his removal from the LWP was motivated by his race. However, the district court concluded that White's equal protection rights had not been violated because the defendants only removed him because he had requested it. The district court did not address the plaintiff's allegations concerning the white inmates who had also requested removal. Hence, the case should be remanded for further findings as to whether the plaintiff was treated differently from the white inmates who had been permitted to remain with the LWP despite their requests that they be removed from the program.

■ For these same reasons, we conclude that the district court improperly determined that the defendants were entitled to qualified immunity with respect to White's retaliation and equal protection claims. We review de novo a district court's finding that a defendant is entitled

28

to qualified immunity. *Yates v. City of Cleveland,* 941 F.2d 444, 446 (6th Cir. 1991). In general, government officials are entitled to qualified immunity when performing discretionary functions as long as the conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Sova v. City of Mt. Pleasant,* 142 F.3d 898, 902 (6th Cir.1998). In order to survive a defendant's assertion of qualified immunity, the plaintiff must show that the defendant's conduct implicates clearly established law. *Cameron v. Seitz,* 38 F.3d 264, 272 (6th Cir.1994). The law is clearly established that a prison official may not retaliate against inmates for engaging in protected conduct, *see Thaddeus–X,* 175 F.3d at 394, or treat them differently based on their membership in a protected class. *See Herron,* 203 F.3d at 417. Here, White stated facially valid claims that the defendants' conduct may have violated his clearly established statutory or constitutional rights.

Accordingly, we affirm the district court's judgment in part, vacate the district court's judgment in part, and remand the case for further proceedings. Rule 34(j)(2)(C), Rules of the Sixth Circuit.